UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------X
RAFAEL ANTONIO ACOSTA–DE LA CRUZ,

                    Petitioner,                            **MEMORANDUM & ORDER**

                   - against -                           07-CV-5386 (NGG)

UNITED STATES OF AMERICA

                    Respondent.
------------------------------------------------------X

NICHOLAS G. GARAUFIS, United States District Judge.

Petitioner Rafael Antonio Acosta-De La Cruz[1] ("Petitioner") brings this pro se motion for a declaratory writ pursuant to 28 U.S.C. §1651. Petitioner requests that this court order a stay of removal and re-examine the Second Circuit's holding in Gomez v. Keisler, No. 05-2653-ag (Oct. 12, 2007), that Petitioner is ineligible for an adjustment of status as an "arriving alien." (Petitioner's Motion for Writ of Habeas Corpus ("2007 Motion") (Docket Entry # 1) at 2.) For the reasons set forth below, Petitioner's motion is denied.

I.    FACTUAL AND PROCEDURAL BACKGROUND

Petitioner, a citizen of the Dominican Republic, arrived in the United States prior to June, 1994. (2007 Motion at 2.) On June 30, 1994, Petitioner was arrested and charged with possession of a loaded firearm. (Petitioner's Reply to Government's Response in Opposition ("Petitioner's Reply") (Docket Entry # 5) Exh. 1 (Certificate of Disposition, People of the State

---

[1] Petitioner also identifies himself as Rafael Bolivar Acosta-De La Cruz, (Petitioner's Motion for Writ of Habeas Corpus (Docket Entry # 1) at 2), and Rafael Antonio Gomez, Gomez v. Keisler, No. 05-2653-ag (Oct. 12, 2007).

1

of New York v. Gomez ("Certificate")) at 1.) On October 19, 2004, the New York State Supreme Court dismissed the charges. (Id.) Although it is unclear from the record exactly when, at some point prior to December 1, 2004, an Immigration Judge ("IJ") at the Department of Homeland Security ("DHS") denied Petitioner's request for an adjustment of status under 8 U.S.C. §1255(i)(2) and issued a final order for the removal of Petitioner ("Removal Order"). Gomez, No. 05-2653-ag at 2. The Board of Immigration Appeals ("BIA") subsequently denied Petitioner's appeal of the Removal Order. Id.

On December 1, 2004, Petitioner filed a motion ("2004 Motion") in this court seeking review of the BIA's decision. Id. Pursuant to the Real ID Act of 2005, Pub. L. No. 109-13, Div. B, § 106, 119 Stat. 231 (May 11, 2005) ("Real ID Act"), this court transferred Petitioner's motion to the Second Circuit for review.[2] Id. Before the Second Circuit, Petitioner challenged the IJ's denial of his application for adjustment of status and argued that a May 2006 memorandum from the United States Attorney General and the DHS entitled him to a further hearing before an IJ or an officer of the DHS. Id. On October 12, 2007, the Second Circuit issued a summary order stating that: (i) it lacked jurisdiction to review an IJ's discretionary decision not to grant an adjustment of status; and (ii) Petitioner was ineligible for an adjustment of status as an arriving alien. Gomez, No. 05-2653-ag at 3.

On December 26, 2007, Petitioner filed the instant motion pursuant to 28 U.S.C. § 1651.

---

[2] Section 106(c) of the Real ID Act requires the district court to transfer to a court of appeal any "alien's case, brought under section 2241 of title 28, United States Code, and challenging a final administrative order of removal, deportation, or exclusion, [that] is pending in a district court on the date of the enactment of this division."

2

Petitioner requests a stay of removal[3] and a declaratory judgment that Petitioner is eligible for adjustment of status as an "arriving alien." (2007 Motion at 2.) Petitioner concedes that the Second Circuit already denied this second request on the merits, see Gomez, No. 05-2653-ag at 3, but asserts that the denial was erroneous because it "failed to address willful blindness consideration[s]." (2007 Motion at 2.) Petitioner also contends that his deportation will have a negative impact on his elderly mother, a permanent resident of the United States. (Id. at 1.)

On January 8, 2008, the United States ("Respondent") filed a reply memorandum. (Government's Response in Opposition ("Gov't. Resp.") (Docket Entry # 3) at 6.) Respondent argues that (i) this court lacks jurisdiction to hear Petitioner's motion; and (ii) Petitioner's motion is barred by res judicata. (Id. at 2-3.) On February 8, 2008, Petitioner filed a reply that did not address Respondent's arguments. (Petitioner's Reply at 1.)

## II. DISCUSSION

### A. This Court Lacks Jurisdiction To Review Petitioner's Motion Or Grant The Requested Relief

Petitioner requests that this court grant a stay of the Removal Order issued by the IJ. This court, however, has no jurisdiction either to review the Removal Order or to issue a stay of removal. Under 8 U.S.C. §1252(a)(5), "a petition for review filed with an appropriate court of

---

[3] Section 1651 is not the proper avenue under which Petitioner may seek a stay of the Removal Order. Under 8 U.S.C. § 1252(a)(1), "judicial review of a final order of removal" may only be conducted under subsection (b) of section 1252. Subsection (b)(3)(B) of section 1252 specifies that the a court reviewing an order of removal can stay the execution of the order. Because the Board of Immigration Appeals dismissed Petitioner's appeal, the Removal Order is a "final order." See 8 C.F.R. § 1241(a) ("An order of removal made by the [IJ] . . . shall become final . . . [u]pon dismissal of an appeal by the Board of Immigration Appeals."). The court therefore construes Petitioner's request as a motion for a stay of removal under 8 U.S.C. § 1252(b)(3)(B).

appeals . . . shall be the sole and exclusive means for judicial review of an order of removal." See Spina v. Dep't. of Homeland Sec., 470 F.3d 116, 124 (2d Cir. 2006) (treating a district court's merits decision on a habeas corpus motion as "non-existent" and converting the motion into a pending petition for review). Section 1252(a)(5) expressly applies to motions filed pursuant to "section 2241 of Title 28, . . . any other habeas corpus provision, [and] sections 1361 and 1651 of such title." 8 U.S.C. 1252(a)(5). See Marquez-Almanar v. I.N.S., 418 F.3d 210, 215 (2d Cir. 2005) (holding that the Real ID Act "unequivocally eliminates habeas corpus review of orders of removal"). This court therefore lacks jurisdiction to review Petitioner's motion for a stay of removal.

Section 1252, as amended by the Real ID Act, also strips this court of jurisdiction to *issue* a stay of removal. Section 1252(b)(4)(A) requires that "the court of appeals shall decide [any] petition" requesting a stay of an order of removal. See Rodney v. Gonzalez, (SLT) No. 05 CV 3407, 2006 WL 73731, *2 (E.D.N.Y. Jan. 10, 2006) ("By depriving courts of jurisdiction to hear cases challenging final orders of removal, Congress necessarily deprived district courts of jurisdiction to grant stays of removal in such cases."); see also, e.g. Munoz v. Gonzalez, (SHS) No. 05 Civ. 6056, 2005 WL 1644165, *1 (S.D.N.Y. July 11, 2005) (holding that, after passage of the Real ID Act, district courts have no jurisdiction to stay an order of removal).

As this court therefore cannot grant Petitioner the relief he requested, the only remaining question is whether Petitioner's motion should be transferred to the Second Circuit or dismissed outright. Section 106(c) of the Real ID Act requires a district court to transfer to the circuit court of appeals any motion that challenges an order of removal and that was pending on May 11, 2005. See Gittens v. Menifee, 428 F.3d 382, 385 (2d Cir. 2005). The transfer of a motion filed

4

after the enactment of the Real ID Act, however, is not required by section 106. In fact, the Second Circuit has held that "the Real ID Act did not authorize . . . District Court[s] to transfer [such] motions." De Ping Wang v. Dep't. of Homeland Sec., 484 F.3d 615, 617 (2d Cir. 2007); see also Munoz, 2005 WL 1644165, at *1 (dismissing petition filed after enactment of the Real ID Act). Petitioner filed the instant motion on December 26, 2007, more than two-and-a-half years after Congress enacted the Real ID Act. Consequently, this court cannot transfer Petitioner's motion to the Second Circuit under section 106(c).

Transfer of Petitioner's motion under 28 U.S.C. § 1631 also would not be proper. When a motion is filed in a court that lacks jurisdiction, the court "shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed." 28 U.S.C. § 1631. It is an abuse of discretion under Section 1631 for a district court not to transfer to the court of appeals a timely motion for review of an order of removal that the petitioner mistakenly filed in the district court. Paul v. I.N.S., 348 F.3d 43, 47 (2d Cir. 2003). A motion is timely if it is filed "not later than 30 days after the date of the final order of removal." 8 U.S.C. § 1252(b)(1); Paul, 348 F.3d at 45. If a motion is not timely, however, the circuit court of appeals has no jurisdiction, see Malvoisin v. I.N.S., 268 F.3d 74, 75-76 (2d Cir. 2001), and therefore no court meets section 1631's "could have been brought" requirement. De Ping Wang, 484 F.3d at 618. Far more than thirty days have elapsed between the time the IJ issued the Removal Order on or before December 1, 2004 and the filing of Petitioner's 2007 Motion on December 26, 2007. The 2007 Motion is therefore clearly untimely under section 1252(b)(1). Accordingly, this court denies Petitioner's motion to stay the IJ's Removal Order and will not transfer it to the Second Circuit.

### B. Petitioner's Motion For a Declaratory Judgment Is Precluded By the Second Circuit's Judgment in Gomez

Petitioner's 2007 Motion is not his first attempt to litigate the question of whether he is eligible for an adjustment of status. He raised exactly the same claim before the Second Circuit in Gomez. Under the doctrine of claim preclusion, a "final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Legnani v. Alitalia Linee Aeree Italiane, S.p.A, 400 F.3d 139, 141 (2d Cir. 2005) (quoting St. Pierre v. Dyer, 208 F.3d 394, 399 (2d Cir. 2000)). An issue that was or could have been raised in a prior action is one that necessarily "involves the same 'claim' or-'nucleus of operative fact'-as the first suit." Channer v. Dep't. of Homeland Sec., 527 F.3d 275, 280 (2d Cir. 2008) (quoting Waldman v. Vill. of Kiryas Joel, 207 F.3d 105, 108 (2d Cir. 2000)).

As Petitioner raises exactly the same claim that he previously raised before the Second Circuit, his request for a declaratory judgment is barred by claim preclusion. Because Petitioner's claims of willful blindness[4] and harm to his elderly mother involve the same nucleus

---

[4] This court assumes that Petitioner is referring to the willful blindness doctrine applicable to an alien challenging an order of removal under the Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT"). In 1998, Congress directed the Attorney General to implement, with certain reservations, Article 3 of the CAT. Foreign Affairs Reform and Restructuring Act of 1998, Pub. L. 105-277, Div. G, Title XXII, § 2242, 112 Stat. 2681-822, 8 U.S.C. § 1231 note (2000). Under "Article 3 of the CAT, [the United States cannot return] any person to a country in which it is more likely than not that he or she would be in danger of being subjected to torture." Khouzam v. Ashcroft, 361 F.3d at 161, 168 (2d Cir. 2004) (internal quotation marks removed). "Torture," as defined by the Second Circuit, "requires only that government officials know of or remain willfully blind to an act and thereafter breach their legal responsibility to prevent it." Id. at 171; see also Perez v. Loy, 356 F. Supp. 2d 172, 178-79 (D. Conn. 2005).

Petitioner appears to argue that government authorities in the Dominican Republic, as a matter of public policy, are willfully blind to the pursuit, by individuals repatriated from the United States, of personal vendettas against other individuals who have been similarly repatriated. (2007 Motion at 2.) Since passage of the Real ID Act, however, an asylum claim is

of operative fact as Gomez did and therefore should have been raised in that proceeding, Petitioner is barred by claim preclusion from raising those arguments before this court. See, e.g., Tsimmer v. Gantner, (CM) --- F. Supp. 2d ----, No. 06 Civ. 7867, 2008 WL 1849766 (S.D.N.Y. Apr. 22, 2008), *8 (holding that a decision by the Second Circuit to not review a decision by the BIA for abuse of discretion precluded a successive district court challenge to the BIA's decision, even if petitioner presented previously unraised arguments).

## III. CONCLUSION

For the reasons set forth above, Petitioner's motion is denied. Having completed this review, the stay of deportation previously granted is vacated. The court certifies that any appeal from this order would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438, 444 (1962). The Clerk of Court is directed to enter judgment for Respondent and to close this case.

SO ORDERED.

Dated: July 9, 2008
Brooklyn, New York

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge

---

properly brought in the circuit court of appeals and not in a district court. Ogunwomoju v. United States, 512 F.3d 69, 74 n.9 (2d Cir. 2008); see also Keenswyck v. Gonzalez, (RLC) No. 06 Civ. 5761, 2007 WL 1799677 at *2 (S.D.N.Y. Jun. 21, 2007) (dismissing petitioner's CAT claim because district court lacked jurisdiction over asylum petitions).

7